IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NIKOLET C. AUGUSTYN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LEONARD J. WILSON and ) <br> TONY HELMS, individually and in his ) <br> official capacity as Sheriff of ) <br> Camden County, Missouri, ) <br> ) <br> Defendants. ) | Case No.: 2:20-CV-04174 |

**ORDER**

Plaintiff Nikolet Augustyn brings this Section 1983 claim against Defendants Leonard Wilson and Tony Helms, individually and in his official capacity as Sheriff of Camden County. Before the Court is Augustyn's motion for default judgment as to Defendant Wilson. Doc. 17. The Court grants Augustyn's motion with respect to Wilson's liability, but defers holding an evidentiary hearing on damages pending disposition of Augustyn's claim against Defendant Helms.

**I.      Background**

Augustyn alleges that in June 2017, Wilson, a deputy with the Camden County Sheriff's office, was escorting her home in his patrol car after the car she had been travelling in was pulled over for a traffic stop. Doc. 1, p. 6. Wilson stopped the patrol car in a secluded location, and he touched Augustyn's leg and pubic region with his hand, and kissed her face. *Id.* When Augustyn demanded to exit the car and call for help, Wilson restrained her from leaving the car and took away her cell phone. *Id.* at 6-7. Wilson eventually permitted Augustyn to exit the

1

patrol car and walk home. Augustyn brings a claim for assault and battery against Wilson. *Id.* at 10.

## II. Discussion

### A. Default Judgment

Defendant Wilson has failed to answer Augustyn's complaint as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(1)(A)(i) (providing a defending party 21 days after being served with the summons and complaint to serve a responsive pleading). He has not appeared or participated in this lawsuit since the complaint was filed on September 4, 2020. Because Wilson has failed to respond, appear, or otherwise participate, the Court finds that a default judgment is appropriate. *See Panda Investments, Inc. v. Jabez Enterprises Ltd.*, 2007 WL 4556785, at *5 (N.D. Iowa, Dec. 20, 2007) (finding that the defendant's failure to respond to the complaint and failure to appear or participate in the lawsuit warranted default judgment).

At this stage, after the Clerk has entered default against Wilson, the facts alleged in Augustyn's complaint are "deemed to be true." *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (holding that when default judgment is entered on a claim for indefinite damages, facts alleged in the complaint are taken as true); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Augustyn brings a claim of assault and battery against Wilson. Doc. 1, p. 10. Under Missouri law, a civil assault is "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril."

*Phelps v. Church*, 73 S.W.3d 651, 655 (Mo.App. 2002) (quoting *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo.App. 1998)). Battery is defined as an intended, offensive bodily contact with another. *Geiger*, 974 S.W.2d at 516. In her complaint, Augustyn alleges that Wilson used his hand to rub and caress her leg and touch her pubic region. Doc. 1, p. 6. She alleges Wilson kissed her on her lips, and that all of this contact was unwanted. *Id.* She also tried to exit the car but was prevented. Taking these facts as true, *Taylor*, 859 F.2d at 1333 n.7, the Court finds that Augustyn has established by a preponderance of the evidence that Wilson is liable on her claim for assault and battery.[1] *Marshall*, 616 F.3d at 852.

### B. Damages

Even though liability is established, it is still necessary for the Court to determine Augustyn's damages. *See* Fed. R. Civ. P. 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Here, Augustyn's claims against Wilson are closely related to the factual allegation asserted against Helms. Doc. 1. As the Eighth Circuit instructs:

> [w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Pfanenstiel Architects, Inc v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992). The damages Augustyn seeks from Helms are closely related to the damages she seeks to recover from Wilson: compensatory and punitive damages, as well as attorneys' fees. Doc. 1, p.

---

[1] Wilson was criminally charged by the State of Missouri with a Class E Felony Child Molestation and tendered an *Alford* plea of guilt. Doc. 1, p. 7.

10. Accordingly, the better course is for the Court to defer a determination of Augustyn's damages until her claims against Helms are resolved.

## III. Conclusion

Augustyn's motion for default judgment, Doc. 17, is granted as to liability. The issue of damages will be addressed at a later time.

/s/      Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 30, 2020
Jefferson City, Missouri